91 F.3d 153
 17 O.S.H. Cas. (BNA) 1729
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
LOUISIANA-PACIFIC CORPORATION, Petitioner,
v.
OCCUPATIONAL SAFETY & HEALTH REVIEW COMMISSION, Respondent.
 No. 95-70479.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 12, 1996.
Decided July 24, 1996.
 
 Before: REAVLEY,* REINHARDT, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Louisiana-Pacific Corp. ("LP") petitions for review of the Occupational Safety and Health Review Commission's ("OSHRC") denial of its "Motion for Response to Petition for Discretion [sic] Review," which OSHRC construed as a motion for relief from judgment under Fed.R.Civ.P. 60(b). The petition for review is denied.
 
 
 3
 The Secretary of Labor argues that OSHRC lacked the authority to rely on Rule 60(b) to consider LP's motion and, in the alternative, that this court lacks jurisdiction to consider a petition for review of an OSHRC decision that relies on Rule 60(b). While the Secretary's jurisdictional arguments appear to have some merit, because OSHRC was not represented in this proceeding and LP failed to address the jurisdictional arguments either in a reply brief or at oral argument, we decline to definitively decide the issue in light of the fact that OSHRC clearly did not abuse its discretion by denying LP relief from judgment.
 
 
 4
 LP ignored two Orders to Show Cause issued by the Administrative Law Judge ("ALJ"), both of which informed LP that a default judgment would be entered in favor of the Secretary if LP did not respond to the Secretary's complaint. When the ALJ's default judgment in favor of the Secretary was docketed with OSHRC on February 18, 1992, the OSHRC Executive Secretary notified the parties that the ALJ's decision would "become a final order of the Commission on March 19, 1992, unless a Commission member directs review of the decision on or before that date." OSHRC issued an order on March 31, 1992, indicating that "the petition for discretionary review filed by the Union," (emphasis added), had not been directed for review and therefore became a final order on March 19, 1992. While the erroneous reference to the Union by OSHRC may have caused some confusion, LP, knowing that there was no union at the plant for which it had received the OSHA fine, should have sought clarification at that time. Regardless, the ALJ's decision became final within thirty days of docketing with OSHRC when none of the Commissioners directed the ALJ's decision for review. 29 U.S.C. § 661(j). The proper course for LP to challenge OSHRC's decision would have been to petition for review to this court within sixty days of the date when OSHRC's order became final. 29 U.S.C. § 660(a).
 
 
 5
 Instead, LP made no further efforts to vacate the ALJ's judgment until it filed its "Motion for Response to Petition for Discretion [sic] Review" on February 28, 1995, which OSHRC construed as a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b). LP argues that it was entitled to relief from judgment in light of the fact that it believed that it had settled with the Secretary and that the Secretary would file the settlement agreement with the ALJ, but that it inadvertently sent the agreement to the wrong address, and that it was lost in the mail. Motions for relief from final judgment based on "mistake, inadvertence, surprise, or excusable neglect" must "be made within a reasonable time" and "not more than one year after the judgment ... was entered." Fed.R.Civ.P. 60(b)(1). While Rule 60(b)(6), which allows relief from judgment for "any other reason justifying relief," does not have a one year limitation, subsections (1) and (6) "are mutually exclusive, and thus a party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to subsection (6)." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 393, 113 S.Ct. 1489, 1497 (1993). Thus, because LP's petition to OSHRC came nearly three years after the ALJ's decision became final as a matter of law, OSHRC did not abuse its discretion by refusing to grant relief to LP because LP's motion was time-barred as a matter of law.
 
 
 6
 The petition for review is DENIED.
 
 
 
 *
 Hon. Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3